IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
STEPHEN ROBAR,                     )
                                   )
           Plaintiff,              )
                                   )
     v.                            )     1:10CV00916
                                   )
BURLINGTON COAT FACTORY OF         )
NORTH CAROLINA, LLC,               )
                                   )
           Defendant.              )
```

**MEMORANDUM OPINION AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the undersigned United States Magistrate Judge on Plaintiff's Motion to Extend the Discovery Deadline. (Docket Entry 12.) For the reasons that follow, the Court will grant in part Plaintiff's motion by allowing a limited period of time to conduct the deposition of Mark Ackerman outside of the discovery period.

Background

Plaintiff brought suit for alleged violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, and wrongful discharge under state law, arising from the termination of his employment with Defendant. (See Docket Entry 1.) The Court subsequently adopted the parties' proposal of a six-month discovery period ending on October 1, 2011. (See Docket Entry 8 at 1; Docket Entry dated Mar. 8, 2011.) On September 19, 2011, eight business days before the scheduled close of discovery, Plaintiff's counsel requested that Defendant produce Mark Ackerman ("Ackerman"), former

Operations Manager for Defendant and supervisor of Plaintiff, for a deposition. (See Docket Entry 13, ¶ 5; Docket Entry 15, ¶ 1.)

On September 27, 2011, Defendant's counsel e-mailed Plaintiff's counsel as follows:

> We have been trying to reach [Ackerman] about his deposition. He finally called me back on [September 24, 2011] and left me a voicemail but I was in Austin, TX at my firm's retreat and my Blackberry had run out of juice searching for service and I did not have my charger. [Ackerman] is apparently on vacation this entire week, but advised me in his voicemail he'd make himself available. I will try him again this afternoon to see if we can nail down a date and time. Are there any days/times blocked off for you in the next three days?

(Docket Entry 15-1 at 1.)

Said deposition did not occur prior to the end of the discovery period, (see Docket Entry 12, ¶ 2), and, as a result, Plaintiff filed the instant Motion requesting "the Court to briefly extend the discovery period by sixty (60) days, up to and including November 30, 2011" (id. at 1), so that Plaintiff may "schedule and complete the deposition of Mr. Ackerman only" (id., ¶ 3).

## Discussion

Defendant contends that "there is no cause to extend the discovery period simply because Plaintiff failed to conduct his discovery within the time frame the parties had agreed." (Docket Entry 13, ¶ 9.) Further, Defendant asserts that "Plaintiff has not conducted any depositions in this matter despite the six month discovery period. Plaintiff has neither cited to any facts explaining the delay in requesting Ackerman's deposition nor a

summary of the testimony he anticipates Ackerman may provide that is necessary to prove his age discrimination claim." (Id., ¶ 8.) The Court interprets Defendant's argument as a contention that Plaintiff failed to pursue discovery diligently, as required for the extension of discovery deadlines, by M.D.N.C. R. 26.1(d) and by the "good cause" standard in Fed. R. Civ. P. 16(b), see Kinetic Concepts, Inc., v. ConvaTec Inc., No. 1:08CV918, 2010 WL 1418312, at *2-3 (M.D.N.C. Apr. 2, 2010) (unpublished).

In considering this matter, the Court deems it appropriate to look to case law regarding the amount of time needed to provide "reasonable" notice of a deposition under Fed. R. Civ. P. 30(b)(1). Some districts have adopted local rules establishing guidelines regarding this question. See, e.g., Lathon v. Wal-Mart Stores East, LP, No. 3:09cv57, 2009 WL 1810006, at *5 n.7 (E.D. Va. June 24, 2009) (unpublished) (citing local rule providing that eleven days' notice generally qualifies as reasonable); P.S. v. Farm, Inc., No. 07-CV-2210-JWL, 2009 WL 483236, at *4 (D. Kan. Feb. 24, 2009) (unpublished) (determining five days' notice reasonable based on local rule). A review of cases discussing reasonable notice absent a local rule indicates that a period of eight business days falls just within what courts generally have ruled reasonable. See Ranger Transp., Inc. v. Wal-Mart Stores, 903 F.2d 1185, 1188 n.6 (8th Cir. 1990) (stating that total of nine days' notice prior to holding of deposition qualified as reasonable); Hill Holiday

Connors Cosmopulos, Inc. v. Greenfield, No. 6:08CV3980GRA, 2010 WL 547179, at *3 (D.S.C. Feb. 9, 2010) (unpublished) (citing with approval statement in treatise declaring that "'at least 10 days' notice is customarily expected'"); Cleveland v. Coldwell Banker Real Estate Corp., Nos. 4:0510-M-A et al., 2008 WL 141195, at *1 (N.D. Miss. Jan. 10, 2008) ("This court has routinely held that 'reasonable notice' should be at least 10 calendar days.").

Based on the specific circumstances of this case, the Court finds notice of eight days reasonable and, therefore, declines to hold that Plaintiff pursued Ackerman's deposition with insufficient diligence to allow an extension. The facts of the case, summarized succinctly in two pages of the Complaint (see Docket Entry 1 at 2-3), do not appear overly complex. Moreover, Defendant has not asserted that the deposition required its counsel or the deponent to undertake significant preparation (such as a deposition under Fed. R. Civ. P. 30(b)(6) might have necessitated). (See Docket Entry 13.) Nor has Defendant argued that the deposition would have required burdensome travel. (See id.)

Having determined that, on the record of this case, Plaintiff sought Ackerman's deposition at a time reasonably calculated to permit its completion before the discovery deadline, the Court deems any delay in Plaintiff's decision to take said deposition irrelevant. In other words, although Plaintiff gave notice of his intent to take Ackerman's deposition late in the discovery period,

Plaintiff provided such notice at a time he reasonably could have viewed as soon enough to allow the requested deposition to occur before the discovery period ended.  The fact that, due to a variety of circumstances beyond Plaintiff's control, the deposition ultimately did not occur by October 1, 2011, thus does not establish that Plaintiff acted insufficiently diligently to warrant a brief extension of time for Ackerman's deposition to take place.

Conclusion

Plaintiff's provision of notice of his intent to depose Ackerman was reasonable under the facts of this case.  Plaintiff therefore did not act with insufficient diligence so as to disqualify him from securing an extension of time to take Ackerman's deposition outside the discovery period because the parties and Ackerman failed to find a mutually agreeable time to hold the deposition before the discovery deadline.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Extend the Discovery Deadline (Docket Entry 12) is **GRANTED IN PART** in that, on or before November 18, 2011, Plaintiff may depose Mark Ackerman at a time and place mutually agreed upon by the parties and deponent.  This Order neither constitutes a general extension of the discovery period nor alters any other case-management deadlines.

/s/ L. Patrick Auld<br>
**L. Patrick Auld**<br>
**United States Magistrate Judge**

October 25, 2011